UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. JOHN DOE

        Plaintiff,

v.                                             Case No.: 18-CV-503

MILWAUKEE COUNTY et al.

        Defendants.

### PLAINTIFF'S BRIEF IN SUPPORT OF
### MOTION TO PROCEED UNDER A PSEUDONYM

The Eastern District of Wisconsin allows a party to a civil action to use a pseudonym when the circumstances of the case justify the use of a pseudonym. E.D. Local Rule 10(c). Federal courts have long approved the practice of pseudonymous litigation. The most famous example of pseudonymous litigation is *Roe v. Wade,* 410 U.S. 113 (1973). In *Roe,* the Supreme Court provided implicit recognition of a litigant to proceed under a pseudonym. *See id.*

Despite the recognition of such a right, the use of fictitious names is disfavored and a court has an independent duty to determine whether the circumstances justify a departure from the normal method of proceeding in federal courts. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Identifying the parties to the proceeding is an important dimension of publicness and the people have a right

to know who is using their courts. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 466–68 (E.D. Pa. 1997).

The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff exceeds the harm from concealment *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Both private and public interests can weigh in favor of the use of pseudonyms in litigation. *See*, *e.g.*, *Ashford v. City of Milwaukee*, 2014 WL 29037, at *1 (E.D. Wis. Jan. 2, 2014). Private parties have a strong interest in proceeding under a pseudonym in order to protect their privacy or avoid physical harm. James Moore, *Moore's Federal Practice* ¶ 10.02 (1995). The public has an interest in protecting the privacy of plaintiffs so that plaintiffs are not discouraged from asserting their claims. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 466–68 (E.D. Pa. 1997). It is these competing interests, in addition to others, that courts have attempted to balance in determining whether a party should be permitted to proceed using a pseudonym. *Id*.

The Third Circuit articulated a comprehensive nine factor test to determine whether the competing interests of the plaintiff's privacy and the public's right to know support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking

> to sue pseudonymously has illegitimate ulterior motives . . . [7] the universal level of public interest in access to the identities of litigants; [8] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [9] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997).

Here, all of the factors support the plaintiff's motion to proceed under a pseudonym. First, the identity of the plaintiff here has been kept confidential from the general public. The plaintiff is seeking to maintain his confidentiality because a key foundation of his claim is that false and other unnecessary information was entered into the Data Bank, harming his reputation. (Doc. 1, Complaint at ¶¶38-43). Second, the plaintiff's purpose for maintaining his identify is based on the plaintiff's concern that revealing his identity will prevent him from being able to obtain employment in the future. The plaintiff asserts that he has been disparaged by the entry of the Data Bank entry and that prospective employers have refused to hire him because of the Data Bank entry. (Doc. 1, Complaint at ¶¶38-43). Third, the public has little interest in knowing the plaintiff's true identify. This lawsuit concerns an entry into the Data Bank, which is itself, a largely private institution, as the general public cannot access the Data Bank. Only 'eligible entities' can access information contained in the Data Bank, and even then, they can access information only to the extent authorized. *See* "Querying the NPDB" at https://www.npdb.hrsa.gov/hcorg/aboutQuerying.jsp. Also, the legislation creating the Data Bank recognized the harm that inaccurate entries in the

Data Bank can cause to medical practitioners, as it requires that due process be provided to a doctor before an entry to the Data Bank is made. 42 U.S. Code § 11112(a). Fourth, the facts and legal issues presented here are narrow and concern only the procedure that a health care entity used to make an entry into the Data Bank. The disclosure of the plaintiff is not necessary for the public to review and understand the Court's ultimate ruling. Fifth, similar to the second factor, the plaintiff's ultimate goal in this litigation is to rid the Data Bank of an inaccurate entry because of the harm it has caused him in seeking employment. The prospect of an undesirable outcome and public identification is not of chief concern, the chief concern is that, should the plaintiff prevail, it would be a mere hollow victory if his Data Bank entry was removed but there was a public record containing the facts and circumstances of the Data Bank entry. Additionally, the plaintiff asserts that the information contained in the Data Bank entry is false. Sixth, there are no ulterior motives alleged and the plaintiff is unaware of any.

Seventh, although the public has an interest in the identification of litigants, this case is not of the type where the identification of the litigant is necessary for the public to understand the legal issues or the Court's ultimate decision. "[I]t is doubtful that the public's understanding of this case will be compromised if [the plaintiff] permitted to withhold [his] full name[.]" *Ashford v. City of Milwaukee*, 2014 WL 29037, at *1 (E.D. Wis. Jan. 2, 2014). Importantly, the public is barred from accessing the Data Bank information that is central to this dispute. *See supra*, "Querying the NPDB." Eighth, the plaintiff is not a public figure and there is little interest in the public for the

identification of the plaintiff.  Ninth, the plaintiff is unaware of any opposition to his motion to proceed under a pseudonym.

A remaining factor to consider is whether the defendants would be harmed if the plaintiff is allowed to proceed under a pseudonym. *Ashford v. City of Milwaukee*, , 2014 WL 29037, at *2 (E.D. Wis. Jan. 2, 2014).  The plaintiff has disclosed his full name to the defendants, and thus the defendants' ability to investigate this case and present their defenses will not be impaired. *Id*.

Significantly, courts have implicitly recognized that a doctor has a strong interest in proceeding under a pseudonym in a lawsuit concerning the Data Bank where his or her reputation is at risk. *See Doe v. Rogers*, 139 F. Supp. 3d 120 (D.D.C. 2015) (allowing the plaintiff doctor to proceed under a pseudonym); *Doe v. U.S. Dep't of Health & Human Servs.*, 871 F. Supp. 808 (E.D. Pa. 1994) (allowing the plaintiff doctor to proceed under a pseudonym); *Doe v. Thompson*, 332 F. Supp. 2d 124 (D.D.C. 2004) (allowing the plaintiff doctor to proceed under a pseudonym).

The plaintiff is proceeding with this lawsuit because his reputation has been so harmed that he has been unable to find work following the defendants' reporting of inaccurate information to the Data Bank. (Doc. 1, Complaint at ¶¶38-43).  The information that harmed and is continuing to harm the plaintiff must be revealed in his case and remain a part of the record.  Requiring the plaintiff to proceed under his true name and reveal his identity would defeat the plaintiff's ultimate goal in this lawsuit— to correct and remove inaccurate information that is causing serious harm to his personal and professional reputation. (Doc. 1, Complaint at ¶¶38-43).  The risk of

disclosing the plaintiff's identity heavily outweighs the public's interest in the plaintiff revealing his identify.

## CONCLUSION

For all the foregoing reasons, the plaintiff respectfully asks that the Court grant the plaintiff's motion to proceed under a pseudonym.

Dated at Milwaukee, Wisconsin April 18, 2018.

                                         Respectfully submitted,
                                         PADWAY & PADWAY, LTD.
                                         Attorneys for the Plaintiff

                                     By: *Aaron DeKosky*
                                         Aaron A. DeKosky
                                         SBN: 1081404

**P.O. ADDRESS:**
Padway & Padway, Ltd.
633 W. Wisconsin Avenue
Suite 1900
Milwaukee, WI  53203

Phone: (414) 277-9800
Fax:     (414) 277-0189
adekosky@padwaylaw.net