# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DR. JOHN DOE,

             **Plaintiff,**

v.                                                                   Case No. 18-CV-503

MILWAUKEE COUNTY, et al.,

             **Defendants.**

## ORDER

## INTRODUCTION

Plaintiff filed this lawsuit under a pseudonym (Dr. John Doe) against defendants Milwaukee County, Milwaukee County Behavior Health Division (BHD), and Lora Dooley, the Director of Medical Services at the BHD (collectively "Defendants"), alleging the defendants entered a wrongful report to the National Practitioner Data Bank (NPDB), harming his reputation. (ECF No. 1.) The parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 8, 16.) Plaintiff moves to proceed under a pseudonym. (ECF No. 9.) Defendants did not oppose the motion. Plaintiff's motion is ready for resolution.

## BACKGROUND

The plaintiff has requested to proceed anonymously to hide his identity. (ECF No. 9.) According to the plaintiff, he is seeking to maintain his confidentiality "because

a key foundation of his claim is that false and other unnecessary information was entered into the Data Bank, harming his reputation." (ECF No. 10 at 3.) He contends that "revealing his identity will prevent him from being able to obtain employment in the future." (*Id*.) His chief concern is that, should he prevail, "it would be a mere hollow victory if his Data Bank entry was removed but there was a public record containing the facts and circumstances of the Data Bank entry." (*Id*. at 4.)

## ANALYSIS

The use of fictitious names is disfavored, as "anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). The court has an independent duty to determine whether "exceptional circumstances" justify anonymity. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Fictitious names are allowed "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties[.]" *Id*.

The present situation does not fit into any of these categories. Plaintiff's desire to protect his reputation is not the type of "exceptional circumstance" that justifies proceeding under a pseudonym. No doubt lots of parties would prefer to keep their disputes private. For example, a plaintiff alleging he was discriminated against by his employer when his employment was terminated typically will have to disclose the

employer's reason for terminating the plaintiff's employment—a reason that the plaintiff disputes is the real reason and which is often embarrassing or even damaging to his or her reputation. But there is no suggestion that such a plaintiff may proceed under a pseudonym to protect his or her reputation.

Plaintiff cites three cases from outside this circuit that he says "implicitly recognized that a doctor has a strong interest in proceeding under a pseudonym in a lawsuit concerning the Data Bank where his or her reputation is at risk." (ECF No. 10 at 5, citing *Doe v. Rogers*, 139 F. Supp. 3d 120 (D.D.C. 2015), *Doe v. U.S. Dep't of Health & Human Servs.*, 871 F. Supp. 808 (E.D. Pa. 1994), and *Doe v. Thompson*, 332 F. Supp. 2d 124 (D.D.C. 2004).) However, none of those cases discusses the plaintiff's right to proceed under a pseudonym. While in those jurisdictions it may be acceptable to simply accept a plaintiff's desire to proceed under a pseudonym, in this circuit the court of appeals has expressly rejected that notion.

As expressed by the Seventh Circuit Court of Appeals, the public has a right to open judicial proceedings and to know who is using our courts. Only under exceptional circumstances is a plaintiff allowed to proceed anonymously. A plaintiff understands that is part of the deal when choosing to proceed in court. The present situation is not one in which the party seeking anonymity was haled into court against his will. The plaintiff brought this lawsuit, and having done so must proceed under his real name.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed under a pseudonym (ECF No. 9) is **denied**.

Dated at Milwaukee, Wisconsin this 18th day of July, 2018.

                                                                            _____
                                                                            WILLIAM E. DUFFIN
                                                                            U.S. Magistrate Judge