# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT G. CLARK,**

       **Plaintiff,**

       v.                               Case No. 18-CV-503

**MILWAUKEE COUNTY, et al.,**

       **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Dr. Robert G. Clark moved the court pursuant to Federal Rule of Civil Procedure 5.2(e) and 42 U.S.C. § 11177 for a protective order that redacts from the public record in this case all statements containing or referring to the substance of the report that the Milwaukee County Behavioral Health Division filed against Dr. Clark with the National Practitioner Data Bank ("NPDB").

Because federal law mandates that information contained in a report to the NPDB remain confidential, good cause exists to grant Dr. Clark's motion. *See* 42 U.S.C. § 11177(a) and (b) (stating that information reported to the Data Bank shall be confidential and shall not be disclosed to any person or entity that is not authorized unless the disclosure does not permit the identification of the physician).

Additionally, good cause exists for the Court to redact this information from the public record. Dr. Clark alleges he was injured by an inappropriate report to the NPDB. If the allegations in the NPDB report are made a matter of public record, it may further compound his alleged injuries.

The substance of the NPDB report and/or references to information in the report are contained in the following documents as designated by their docket numbers: Documents 1, 15, 17 and 18.

Dr. Clark has already submitted redacted versions of Documents 15, 17, and 18. The Clerk shall docket these redacted documents as the public versions of each document; the Clerk shall restrict the original unredacted versions of these documents to case participants.

However, Dr. Clark has not submitted a redacted version of his complaint. Instead he submitted to the court a proposed amended complaint, but without proceeding under Rule 15(a). This was not the proper means of proceeding. Rather, Dr. Clark must submit a redacted public version of his original complaint. This public version must redact only the sensitive information subject to this protective order. *See* Gen. L.R. 79(d)(2) ("To the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the sealing request."). The original unredacted complaint will then be restricted to case participants. The court reminds the parties, "[f]ilers are

responsible for ensuring effective redaction prior to public filing." *Tips for Practicing Before Judge Duffin*, II. F. available at http://www.wied.uscourts.gov/sites/wied/files/ documents/judges/Information%20for%20Parties%20Practicing%20Before%20Judge%20 Duffin.pdf.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a protective order is **granted.** Documents 1, 15, 17 and 18 shall be sealed from the public record and only the case participants shall be allowed to access them.

**IT IS FURTHER ORDERED** that the plaintiff's redacted copies of Documents 15, 17 and 18 shall replace the sealed versions of Documents 15, 17 and 18.

**IT IS FURTHER ORDERED** that no later than August 15, 2018 the plaintiff shall submit a redacted copy of the *original* complaint.

**IT IS FURTHER ORDERED** that, for all future pleadings and filings in this court, all parties to this case shall redact information containing or referring to the substance of the NPDB report.

Dated at Milwaukee, Wisconsin August 7, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge