# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT G. CLARK,**

        **Plaintiff,**

       v.                                   **Case No. 18-CV-503**

**MILWAUKEE COUNTY, et al.,**

        **Defendants.**

## ORDER

## INTRODUCTION

Plaintiff Dr. Robert G. Clark filed this lawsuit against defendants Milwaukee County, Milwaukee County Behavioral Health Division (BHD), and Lora Dooley, the Director of Medical Services at BHD, alleging a due process violation, breach of contract, breach of implied contract and duty of good faith and fair dealing, negligence, and interference with business relationship and expectation. (ECF No. 1.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 8, 16.) Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 14.) The parties have fully briefed the motion, which is ready for resolution.

# FACTS

The following facts are taken from the complaint. Dr. Clark "entered into a contract with LT Medical, LLC, to provide medical services as an independent contractor for and on behalf of the Milwaukee County Behavioral Health Division" from May 2016 through August 2017. (ECF No. 1, ¶¶ 7-15, 24.) In July 2017 Dr. Clark "advised [BHD] that he accepted a position in Arizona." (*Id.*, ¶ 19.) On September 1, 2017, Dr. Clark voluntary resigned from his position with BHD and surrendered his medical privileges. (*Id.*, ¶ 24.)

On September 6, 2017, Dooley, acting on behalf of BHD, entered a report to the National Practitioner Data Bank (NPDB) reporting that Dr. Clark voluntarily surrendered clinical privileges while under, or to avoid, investigation relating to professional competence or conduct. (*Id.*, ¶ 28.) "The NPDB report asserts that the Privileging Review Committee received a complaint dated August 24, 2017 and [r]eview and discussion was scheduled to take place on September 6, 2017." (*Id.*, ¶ 29.) Dr. Clark was not notified of the August 24, 2017 complaint or the scheduled review at any point prior to the NPDB entry on September 6, 2017. (*Id.*, ¶¶ 31-32.)

Dr. Clark has been rejected from positions as a direct result of BHD's report to the NPDB. (*Id.*, ¶ 40.) "The difficulty and delay Dr. [Clark] has experienced in finding employment has caused him great financial harm[.]" (*Id.*, ¶ 41.)

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**ANALYSIS**

The defendants contend that the complaint should be dismissed for two reasons. First, they argue that a hospital that accepts a physician's surrender of clinical staff privileges while the physician is under investigation for possible incompetence or improper professional conduct is legally mandated to report that fact to the NPDB, citing the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. § 11133(a)(1)(B)(i). (ECF No. 15 at 2.) No person that makes a report under the statute is liable in any civil action unless he or she knew that the information contained in the report was false. 42 U.S.C. § 11137(c). Second, the defendants argue that the HCQIA does not create a

3

private cause of action for physicians aggrieved by reports to the NPDB. Even an erroneous or wrongful report to the NPDB does not constitute a deprivation of a liberty or property interest that is protected by federal law. (ECF No. 15 at 2.)

In response, Dr. Clark contends that, as alleged in the complaint, he was *not* under investigation at the time he voluntarily terminated his employment. Moreover, the complaint alleges that the defendants are not entitled to immunity because they failed to engage in a good faith effort to gather the facts. Dr. Clark also argues that, contrary to what the defendants contend, doctors do have a property interest in a clean medical license, and the question whether he was deprived of that property interest without due process is a question of fact not properly resolved on a motion to dismiss. (ECF No. 17 at 3-4.)

A number of questions are presented by the defendants' argument that the complaint should be dismissed because they were *required* by the HCQIA to report to the NPDB the fact that Dr. Clark surrendered his clinical staff privileges while he was under investigation for possible incompetence or improper professional conduct. While the questions may warrant denying the defendants' motion to dismiss as it relates to the state law claims contained in Dr. Clark's complaint, before getting to those claims the court must explore whether the motion to dismiss ought to be granted as it relates to the one and only count in the complaint that is based on federal law.

Only one count in the complaint alleges a cause of action based on federal law. In Count One, Dr. Clark alleges that he "has a cognizable property interest in a 'clean' medical license and therefore that the NPDB accurately represents the quality of his medical care." (ECF No. 1, ¶ 58.) He alleges that, by entering an "inaccurate and unlawful report to the NPDB that impaired his medical license", the defendants deprived him of property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. (ECF No. 1, ¶¶ 59-67.)

As articulated by the Court of Appeals for the Seventh Circuit, "[a] procedural due process claim involves a two-step analysis: 'First, we determine whether the defendants deprived the plaintiff of a protected liberty or property interest, and if so, then we assess what process was due.'" *Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010) (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1020 (7th Cir. 2000)).

"A medical license is deemed property within the meaning of the due process clause if state law not only creates an entitlement to the license but also establishes criteria for imposing professional discipline should the license be abused by its holder." *Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 969 (7th Cir. 2016) (citing *Fleury v. Clayton*, 847 F.2d 1229, 1232 (7th Cir. 1988); *Abcarian*, 617 F.3d at 942; *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Cain v. Larson*, 879 F.2d 1424, 1426-27 (7th Cir. 1989)).

Accepting, without deciding, that Wisconsin law creates a property interest in a "clean" medical license, a report of an investigation does not impinge upon a

5

constitutionally protected property interest. *See Abcarian*, 617 F.3d at 942. Only "actual formal disciplinary sanctions" are constitutionally significant. *Id.* BHD's report to the NPDB that Dr. Clark was subject to an investigation at the time he surrendered his medical privileges was not a formal sanction. Stated another way, Dr. Clark was not due any process prior to a report of an investigation. *See Id.* ("A physician does not have a due process right to be exempt from the formal disciplinary processes themselves.").

Moreover, any property interest in a "clean" medical license that might exist under Wisconsin law would exist only vis-à-vis the formal actions of the body that regulates that medical license, i.e., the Wisconsin Medical Examining Board, *see* Wis. Stat. § 448.02. The court's statements in *Abcarian* are equally relevant here: "None of the defendants named in this suit had the ability to impose sanctions. They could only report … to the authorities, as required by law. Standing alone, such a report has no formal effect on [the plaintiff's] license to practice medicine." *Abcarian*, 617 F.3d at 942. Therefore, the report could not impinge any constitutionally protected property interest.

In sum, Dr. Clark's due process claim rests upon his assertion that his "property interest in a 'clean' medical license" (ECF No. 1, ¶ 58) was infringed when BHD reported to the NPDB that Dr. Clark surrendered his medical privileges while under investigation for "improper professional conduct." However, such a report was not a

formal sanction and, therefore, necessarily did not impinge upon any constitutionally protected property interest.

Accordingly, the defendants' motion to dismiss the complaint will be granted. Having concluded that the claim that forms the sole basis for this court's jurisdiction (*see* ECF No. 1, ¶ 1) must be dismissed, the court would ordinarily decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3). However, Dr. Clark requests the opportunity to amend his complaint. (ECF No. 17 at 24-25.) The court will give Dr. Clark that opportunity.

Any amended complaint must be filed within 14 days of the date of this order. If Dr. Clark fails to file an amended complaint by this deadline, the court will dismiss this action.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 14) is **granted** as to Dr. Clark's due process violation claim.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint. Any amended complaint must be filed within 14 days of the date of this order. If the plaintiff fails to file an amended complaint by this deadline, the court will dismiss this action.

Dated at Milwaukee, Wisconsin this 7th day of August, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge